# F. H. GAMBELL v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

April 30, 1915.

Nos. 19,282—(89).

**Collision at highway crossing — questions for jury.**
Evidence considered and *held* to make the issues of negligence and contributory negligence questions for the jury.

Action in the district court for Pennington county to recover $1,000 for injury to plaintiff's automobile at a street crossing in Thief River Falls. The case was tried before Grindeland, J., who denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict for $400. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John L. Erdall, Stanton & Rowberg, Charles Loring* and *G. A. Youngquist,* for appellant.

*J. M. Bishop,* for respondent.

BUNN, J.
This action was to recover for damages to plaintiff's automobile caused by its being struck on a grade crossing in Thief River Falls by a car of defendant engaged in switching operations. Plaintiff had a verdict, defendant moved for judgment *non obstante,* but not for a new trial; the motion was denied and defendant appealed from the judgment thereafter entered.

[1] Reported in 152 N. W. 408.

The questions are whether, on the evidence presented, the issues of negligence and contributory negligence were for the jury.

There was evidence fairly tending to show the following facts: Eighth street in Thief River Falls crosses defendant's yards at grade; there are four tracks at this point; plaintiff is a physician and late in the afternoon of December 1 had occasion to cross these tracks in his automobile. He approached from the east on low gear, going slowly, and had crossed the first track when he discovered that a car stood on the third track near the center of the street. It was growing dark, and plaintiff's lights were lit; he turned them on the obstruction and decided to cross to the left of the car. After looking up and down the tracks for an engine or other cars and seeing nothing, he attempted the crossing. The planking between the tracks and rails was but 16 feet in length and the presence of the car obliged the plaintiff, if he was to make the crossing, to pass over the rails where there was no planking. He concluded that it was safe to do so, and succeeded in getting the front wheels of his machine over the first rail of the track on which the car stood when his engine died; he got out to crank the engine and discovered that he had not thrown the car out of gear, attended to that, and then cranked the machine; as he was doing that, he discovered that cars were coming from the north on the track that he was on, realized the danger, jumped into his automobile and started to back it off the track; when the front wheels were on the rail, two cars struck the car that was on the crossing, which struck the automobile. A moment later an engine came back against these cars and plaintiff's automobile was again bumped. It was damaged quite seriously. It does not appear from the evidence that the rails over which the plaintiff attempted to cross were so above the level of the ground as to make the attempt difficult or dangerous, if the car standing on the crossing was not moved, and plaintiff testified that he looked and saw no engine or other cars to the north. No one was riding the cars that struck the car on the crossing, and no warning was given of their approach. The engine was some distance away to the north.

On the foregoing facts it is fairly clear that the question of the

defendant's negligence was for the jury and we so hold. A majority of the court is of the opinion that plaintiff was not guilty of contributory negligence as a matter of law in attempting to cross under the circumstances detailed.

Order affirmed.